Frederick BANKS, Appellant

v.

### ATTORNEY GENERAL OF the UNITED STATES, et al., Appellees.

No. 09–5081.

United States Court of Appeals, District of Columbia Circuit.

Aug. 6, 2009.

Frederick Banks, Yazoo City, MS, pro se.

Warden, Yazoo City, MS, for Appellant.

Before SENTELLE, Chief Judge, and TATEL and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed March 6, 2009 be affirmed for the reasons stated in the accompanying memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

On February 1, 2008, appellant filed a " § 2241 Habeas Corpus Petition Form" (hereafter, "Form"), concerning his claim of "unlawful confinement," resulting from his conviction and sentence imposed by the U.S. District Court for the Western District of Pennsylvania, and affirmed by the U.S. Court of Appeals for the Third Circuit. Form at 2. Appellant alleged he was being confined in violation of the Eighth Amendment "because his federal convictions were invalidated in a Tribal Court when he sued the USA and received a judgment in that case." *Id.* at 3.

On March 6, 2009, the district court entered an order and memorandum opinion denying the § 2241 petition and dismissing the action. To the extent appellant was challenging his conviction and sentence, the court concluded that he needed to file a § 2255 motion in the court in which was convicted and sentenced, namely the Western District of Pennsylvania. Memorandum opinion at 2.

On March 16, 2009, appellant filed a notice of appeal challenging the district order "entered on or about March 5, 2009...." Notice of Appeal. Even though the pleadings and record from the district court all pertain to the dismissal of appellant's § 2241 petition, on June 11, 2009, appellant filed a five-page appellate brief in which he exclusively discussed the district court's "denial of his mandamus petition," his claimed "right to have evidence presented to a Grand Jury because he suffered personal injury giving him standing to su[e]," and his unsuccessful effort to compel the U.S. Attorney to "prosecute another." Brief at 3. In short, nothing to do with either the underlying case or the challenged order. While it is unclear why appellant failed to address the challenged order, it is clear that the district court correctly concluded it lacked jurisdiction to consider appellant's habeas petition. Accordingly, that order is affirmed.